**IN THE UNITED DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

**ARNOLD G. DRUMGOOLE, JR.** *
**44 Glen Way, Apt. 44**
**Nottingham, Maryland 21236** *

**Plaintiff** *

**v.** *

*

**DIRECTOR WALT J. PESTERFIELD,**
**Individually and in his capacity as the Director** *
**of Corrections with the Baltimore County**
**Detention Center** *
**720 Bosley Avenue**
**Towson, Maryland 21204** *

*

**OFFICER SERGEY PREZENCHUK,**
**Individually and in his capacity as a** * **CASE NO.: __________________**
**correctional officer with the**
**Baltimore County Detention Center** *
**720 Bosley Avenue**
**Towson, Maryland 21204** *

**OFFICER JUSTIN HALLIGAN,** *
**Individually and in his capacity**
**as a correctional officer with the** *
**Baltimore County Detention Center**
**720 Bosley Avenue** *
**Towson, Maryland 21204**

*

**J. CRUZ**
**Baltimore County Detention Center** *
**720 Bosley Avenue**
**Towson, Maryland 21204** *

*

**Defendants**

*

* * * * * * * * * * * * *

## COMPLAINT

NOW COMES Plaintiff, Arnold G. Drumgoole, Jr. (hereinafter referred to as "Plaintiff"), by and through his attorney, Joseph E. Spicer, Esquire and Cohen Harris, LLC, hereby sues Defendants, Director Walt J. Pesterfield, Officer Sergey Prezenchuk, Officer Justin Halligan, and J. Cruz (collectively referred to as "Defendants"). In support thereof, Plaintiff states the following:

## INTRODUCTION

1. This is an action arising from a violation of Plaintiff's civil rights brought by him pursuant to 42 U.S.C. §§1983 and 1988, inter alia, the Fourth Amendment of the United States Constitution, Eighth Amendment of the United States, and the Fourteenth Amendment of the United States Constitution.

2. Plaintiff was unlawfully detained by Defendants at the Baltimore County Detention Center for a longer period of time than they were legally authorized under Maryland law. This cause of action seeks redress for the violation of Plaintiff's civil rights and his resulting injuries caused by Defendants' unlawful actions.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1367. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to this complaint occurred in Baltimore County, Maryland which is in this judicial district.

## THE PARTIES

5. At all times relevant to this Complaint, Plaintiff was an adult a resident of Baltimore

County, Maryland and a citizen of the State of Maryland.

6. At all times relevant to this Complaint, Defendant Walt J. Pesterfield was employed as the Director of Corrections at the Baltimore County Detention Center and as such, Defendant Powers was a duly authorized agent, servant, and/or employee of the Baltimore County Detention Center in Baltimore County, Maryland.

7. Defendant Walt J. Pesterfield was acting within the scope and course of employment as the Director of Corrections at the Baltimore County Detention Center at the time of the events alleged in this Complaint.

8. This Complaint is being brought against Defendant Pesterfield as an individual and in his capacity as the Director of Corrections with the Baltimore County Detention Center.

9. At all times relevant to this Complaint, Defendant Officer Prezenchuk was employed by the Baltimore County Detention Center as a correctional officer and as such, Defendant Officer Prezenchuk was a duly authorized agent, servant, and/or employee of the Baltimore County Detention Center in Baltimore County, Maryland.

10. Defendant Officer Prezenchuk was acting within the scope and course of his employment as an agent, servant, and/or employee of the Baltimore County Detention Center at the time of the events alleged in this Complaint.

11. This Complaint is being brought against Defendant Officer Prezenchuk as an individual and in his capacity as a correctional officer with the Baltimore County Detention Center.

12. At all times relevant to this Complaint, Defendant Officer Justin Halligan was employed with the Baltimore County Detention Center as a correctional officer and as such, Defendant Officer Halligan was a duly authorized agent, servant, and/or employee of the Baltimore County Detention Center in Baltimore, County,. Maryland.

13. Defendant Officer Halligan was acting within the scope and course of his employment as an agent, servant, and/or employee of the Baltimore County Detention Center at the time of the events alleged in this Complaint.

14. This Complaint is being brought against Defendant Officer Halligan as an individual and in his capacity as a correctional officer with the Baltimore County Detention Center.

15. At all times relevant to this Complaint, Defendant J. Cruz was employed by the Baltimore County Detention Center as the Acting Unit Supervisor of the Community Corrections Program and as such, Defendant Cruz was a duly authorized agent, servant, and/or employee of the Baltimore County Detention Center in Baltimore County, Maryland.

16. Defendant Cruz was acting within the scope and course of his employment as an agent, servant, and/or employee of the Baltimore County Detention Center at the time of the events alleged in this Complaint.

**FACTS**

17. On September 19, 2023, Plaintiff was arrested by Baltimore County police and was charged with several criminal offenses.

18. On or about September 20, 2023, Plaintiff was transported to the Baltimore County Detention Center where he was held as an inmate at the facility while pending criminal charges.

19. On September 20, 2023, Plaintiff was ordered to be released from the Baltimore County Detention Center and placed upon home detention by Baltimore County Judge Krystin J. Richardson who signed a Pretrial Detention/Release Order.

20. Plaintiff was informed that he was accepted into a home detention program and had met all the conditions for home detention and to be released from the Baltimore County Detention Center.

21. However, Defendants did not release Plaintiff from the Baltimore County Detention Center into home detention at that time.

22. Plaintiff did not have any criminal charges, warrants, or detainers prohibiting his release from the Baltimore County Detention Center, but the Defendants chose to reject Judge Richardson's Pretrial Release Order.

23. Defendants continued to unlawfully detain Plaintiff until December 9, 2023---approximately three (3) months after the time he was ordered and should have been released into home detention.

24. Defendants did not have the legal authority to detain, incarcerate, and/or imprison Plaintiff at the Baltimore County Detention Center for approximately three (3) months after he was ordered to be released into the home detention program.

25. Defendant Pesterfield, as the Director of the Division of Corrections, knew or should have known about Plaintiff's continued unlawful detention at the Baltimore County Detention Center for about three (3) months after he should have been released from the facility.

26. On September 21, 2023, Defendant Officer Prezenchuk rejected Plaintiff from the home detention program based upon an expected violation of probation and violation of probation warrant that was expected to be issued but was never issued.

27. That same day, Defendant Halligan also rejected Plaintiff's request to be placed in the home detention program because of a violation of probation and violation of probation warrant that was expected to be issued but was never issued.

28. On September 22, 2023, Defendant Cruz drafted and sent a letter to Plaintiff, Judge Richardson, and Defendant Director Pesterfield to inform them that the Defendants were denying Judge Richardson's Pretrial Detention/Release Order and rejecting Plaintiff's placement into the

home detention program due to a violation of probation and violation of probation warrant that was expected to be issued but was never issued.

29. Defendants caused Plaintiff's continued detention and incarceration at the Baltimore County Detention Center based upon a violation of probation warrant that was expected to be issued but never issued.

30. Defendants did not check or confirm that they received a violation of probation and/or violation of probation warrant for Plaintiff's arrest, but they still continued to detain and incarcerate him at the Baltimore County Detention Center without any confirmation that a violation of probation and/or violation of probation warrant was ever issued for Plaintiff.

31. In December 2023, Defendants finally realized there was no violation of probation or violation of probation warrant issued for Plaintiff's arrest.

32. On or about December 9, 2023, Plaintiff was released from the Baltimore County Detention Center and placed on home detention.

33. As a direct result of Defendants' wrongful and unlawful actions, Plaintiff suffered injuries, a loss of liberty, and a violation of his civil rights for months.

34. As a result of Defendants' acts and omissions, Plaintiff suffered physical, emotional, mental and financial injuries, including, but not limited to, emotional trauma, pain and suffering, mental anguish, humiliation, disgrace, loss of dignity, costs and expenses of medical and legal proceedings, lost wages, and other expenses.

35. Defendants violated clearly established and well settled federal and state constitutional rights of Plaintiff such as his freedom from the unreasonable seizure of his person and freedom.

36. Defendant showed deliberate indifference and a reckless disregard for Plaintiff's civil rights.

**COUNT ONE – VIOLATION OF 42 U.S.C. § 1983 –**
**VIOLATION OF THE FOURTH, EIGHTH AND FOURTEENTH AMENDMENTS**
**(Against all Defendants)**

37. Plaintiff hereby alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38. Plaintiff has constitutional rights under the Fourth Amendment, Eighth Amendment, and Fourteenth Amendment to the United States Constitution to be free from an unlawful detention and incarceration by the Defendants and to be free from cruel and unusual punishment.

39. Plaintiff has rights afforded to him by the Fourth Amendment, Eighth Amendment, the Fourteenth Amendment to the United States Constitution not to have his person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of his liberty without due process of the law.

40. Defendants violated Plaintiff's right to be free from unreasonable intrusions by unlawfully detaining and arresting him.

41. Defendants' actions and conduct caused Plaintiff to be wrongfully and unlawfully deprived of his liberty.

42. Plaintiff was detained by Defendants at the Baltimore County Detention Center against his will for approximately three (3) months.

43. As a result of Defendants' actions, Plaintiff suffered damage by being unlawfully held against his will and without his consent for an extended period of time.

44. Defendants' conduct was intentional, malicious, or carried out with reckless and deliberate indifference to Plaintiff's federally protected constitutional rights, thereby warranting the imposition of punitive damages.

45. As a result of Defendants' conduct and actions, Plaintiff suffered loss of liberty, physical injuries, severe emotional distress, mental anguish, loss of income as well as medical and other related expenses.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against each Defendant in the amount of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages and Five Hundred Thousand Dollars ($500,000.00) in punitive damages with interest and costs, including attorney's fees.

**COUNT TWO – VIOLATION OF 42 U.S.C. § 1983 –**
**FALSE IMPRISONMENT/ UNLAWFUL DETENTION**
**(Against all Defendants)**

46. Plaintiff hereby alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47. Plaintiff has a constitutional right to be free from being falsely imprisoned.

48. Plaintiff had rights afforded to him by the Fourth Amendment and the Fourteenth Amendment to the United States Constitution not to have his person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of his liberty without due process of the law.

49. Defendants' actions and conduct caused Plaintiff to be unlawfully deprived of his liberty.

50. Plaintiff was fully conscious of the confinement and did not consent to the detention.

51. Defendants' confinement and detention of Plaintiff was entirely without legal justification.

52. By falsely imprisoning and unlawfully detaining Plaintiff without legal justification,

Defendants directly and proximately deprived Plaintiff of his civil rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from unreasonable searches and seizures.

53. As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff suffered a deprivation of liberty, emotional distress, mental anguish, humiliation, and loss of income as well as medical and other related expenses.

54. The conduct of the Defendants was intentional, malicious, or carried out with reckless indifference to Plaintiff's federally protected constitutional rights, thereby warranting the imposition of punitive damages.

WHEREFORE, Plaintiff demands judgment, jointly and severally, against each Defendant in the amount of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages and Five Hundred Thousand Dollars ($500,000.00) in punitive damages with interest and costs, including attorney’s fees.

## RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor against jointly and severally against each Defendant and award him:

1. An order and judgment against Defendants awarding damages for physical pain and suffering, emotional pain, mental anguish, inconvenience, lost wages and benefits, attorney’s fees, costs, loss of enjoyment of life, other non-pecuniary and further relief as the court deems just and proper;

2. Actual, compensatory damages, prejudgment interest, post-judgement interest and consequential damages against Defendants;

3. Reasonable attorney’s fees and costs incurred in pursuing this action, as provided

under 42 U.S.C. §1983 and 42 U.S.C.§1988; and

4. Punitive damages against Defendants; and

5. Any other relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ Joseph E. Spicer, Esquire

Joseph E. Spicer, Esquire #27839
Cohen Harris, LLC
40 York Road, 4th Floor
Towson, Maryland 21204
Telephone No.: (888) 585-7979
Fax No.: (443) 773-0675
E-mail: Joseph@cohenharris.com
Attorney for Plaintiff

**IN THE UNITED DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| **ARNOLD G. DRUMGOOLE, JR.**<br>**44 Glen Way, Apt. 44**<br>**Nottingham, Maryland 21236** | * | |
| **Plaintiff** | * | |
| **v.** | * | |
| **DIRECTOR WALT J. PESTERFIELD,**<br>**Individually and in his capacity as the Director of Corrections with the Baltimore County Detention Center**<br>**720 Bosley Avenue**<br>**Towson, Maryland 21204** | * | |
| **OFFICER SERGEY PREZENCHUK,**<br>**Individually and in his capacity as a correctional officer with the Baltimore County Detention Center**<br>**720 Bosley Avenue**<br>**Towson, Maryland 21204** | * | **CASE NO.: ________________** |
| **OFFICER JUSTIN HALLIGAN,**<br>**Individually and in his capacity as a correctional officer with the Baltimore County Detention Center**<br>**720 Bosley Avenue**<br>**Towson, Maryland 21204** | * | |
| **J. CRUZ**<br>**Baltimore County Detention Center**<br>**720 Bosley Avenue**<br>**Towson, Maryland 21204** | * | |
| **Defendants** | * | |

* * * * * * * * * * * * *

**JURY DEMAND**

Plaintiff, Arnold G. Drumgoole, Jr. hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

Respectfully submitted,

/s/ Joseph E. Spicer, Esquire

_________________________________

Joseph E. Spicer, Esquire #27839
Cohen Harris, LLC
40 York Road, 4th Floor
Towson, Maryland 21204
Telephone No.: (888) 585-7979
Fax No.: (443) 773-0675
E-mail: Joseph@cohenharris.com
Attorney for Plaintiff